**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 8, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                          No. 121668

CHARLES DAVIS,

    Defendant-Appellant.

_____

**PER CURIAM**

This case presents the question whether defendant may be convicted twice of carjacking, MCL 750.529a, one conviction being based on the theft from the driver of the vehicle and the other conviction being based on the theft of the same vehicle from the passenger. We hold that defendant committed only one carjacking offense. Accordingly, we reverse in part the judgment of the Court of Appeals and vacate one of defendant's two carjacking convictions.

I

On the afternoon of August 24, 1999, Coy Anderson drove his automobile to his sister's house. Tiara Hughes was a

passenger in the automobile.  Anderson parked his car in the street and walked to his sister's house, while Hughes remained in the car.  Anderson left the keys in the ignition and the motor running.  As Anderson returned to his car, defendant approached Anderson's car, pointed a gun at Anderson and warned him to get back, then pointed the gun at Hughes and told her to leave the car.  Anderson and Hughes complied. Defendant entered Anderson's car and drove away.  Anderson estimated that he was never closer than twelve to fifteen feet from defendant.

A jury convicted defendant on two counts of carjacking, MCL 750.529a, and one count of possession of a firearm during the commission of a felony, MCL 750.227b.  Defendant was sentenced to two concurrent prison terms of 120 to 240 months for the carjacking convictions and to the mandatory two-year consecutive term for the felony-firearm conviction.  The Court of Appeals affirmed. 250 Mich App 589; 649 NW2d 118 (2002).

II

This case requires us to consider the meaning of MCL 750.529a.  Statutory interpretation is a question of law that we review de novo.  *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002); *Crowe v Detroit*, 465 Mich 1, 6; 631 NW2d 293 (2001).

III

The goal of judicial interpretation of a statute is to

2

ascertain and give effect to the intent of the Legislature. *People v Pasha*, 466 Mich 378, 382; 645 NW2d 275 (2002). To accomplish this objective, we begin by examining the language of the statute. If the language is clear and unambiguous, "no further construction is necessary or allowed to expand what the Legislature clearly intended to cover." *Id*. Stated another way, "a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts*, *supra* at 63.[1]

Michigan's carjacking statute, MCL 750.529a, provides:

(1) A person who by force or violence, or by threat of force or violence, or by putting in fear robs, steals, or takes a motor vehicle as defined in section 412 from another person, in the presence of that person or the presence of a passenger or in the presence of any other person in lawful possession of the motor vehicle, is guilty of carjacking, a felony punishable by imprisonment for life or for any term of years.

(2) A sentence imposed for a violation of this section may be imposed to run consecutively to any other sentence imposed for a conviction that arises out of the same transaction.

A straightforward reading of this language shows that the conduct to which the statute applies is the taking of a motor vehicle under certain circumstances. Those circumstances

---

[1] The analysis of the Court of Appeals relies in part on a Senate legislative analysis. Such a legislative analysis is generally not a persuasive tool of statutory interpretation. See *Frank W Lynch & Co v Flex Technologies, Inc,* 463 Mich 578, 587 n 7; 624 NW2d 180 (2001).

include the nature of the taking and from whom the motor vehicle is taken.[2] The core and focus of the offense, however, are the taking of a motor vehicle. Because defendant took one motor vehicle, the language of the carjacking statute allows only one carjacking conviction.

It is clear that defendant committed the offense of carjacking when, in order to steal Anderson's car, he forced Hughes at gunpoint to get out of the car. Defendant used a threat of force or violence directed at Hughes, who was a passenger in the car, to steal the car. While the elements of the carjacking offense might also be based on the threat defendant directed at Anderson, it is unnecessary to decide whether the facts regarding Anderson also establish a carjacking, because only one motor vehicle was taken.

In concluding that defendant committed two carjacking offenses, the Court of Appeals reasoned in part that both Anderson and Hughes suffered a loss of transportation. While that is true, the language of the carjacking statute does not identify "loss of transportation" as an element of the offense. In effect, the Court of Appeals expanded the language of the statute. Our Legislature could have made it

---

[2] Carjacking must be (1) "by force or violence, or by threat of force or violence, or by putting in fear" and (2) must be "from another person, in the presence of that person or the presence of a passenger or in the presence of any other person in lawful possession of the motor vehicle . . . ." MCL 750.529a.

a crime to deprive a person of transportation, but it did not. Similarly, the fact that both Anderson and Hughes were threatened does not mean that there were two carjackings.[3]

## IV

The carjacking statute is structured in a manner similar to the armed robbery statute, MCL 750.529,[4] but the focus of the armed robbery statute is significantly different. The focus of the armed robbery statute is on the person assaulted. The nature of the assault and the conduct accompanying the assault are then further defined by the statute. This perspective explains the decision in *People v Wakeford*, 418 Mich 95; 341 NW2d 68 (1983), in which the defendant, who took property from two employees of a grocery store, was properly

---

[3] The Court of Appeals noted that a similar California carjacking statute was found to support multiple convictions where only one vehicle was stolen. *People v Hamilton*, 40 Cal App 4th 1137; 47 Cal Rptr 2d 343 (1995). While it is unnecessary to distinguish the California decision because we are interpreting the language of the Michigan carjacking statute, we note that the California decision, like the Court of Appeals decision, recognized that all occupants of a carjacked vehicle suffer a loss of transportation.

[4] MCL 750.529 provides in relevant part:

Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years.

5

convicted of two counts of armed robbery.

In contrast, the carjacking statute focuses on the taking of a particular type of property, a motor vehicle, rather than on the person from whom the property is taken. In terms of the language used in *Wakeford*, for armed robbery the appropriate focus is the person assaulted and robbed, while the appropriate focus for carjacking is the stolen vehicle.

V

Defendant's presentation raises four other issues, the first of which is a double jeopardy[5] challenge to his multiple convictions for carjacking. Given that we have determined that the carjacking statute does not permit multiple charges arising from a single carjacking, it is unnecessary to reach defendant's double jeopardy argument.

In addition, we agree with the Court of Appeals that defendant's claim that improper prosecutorial comments denied him a fair trial is meritless. Further, because we have vacated one of defendant's carjacking convictions, and defendant's claim of prosecutorial misconduct lacks merit, defendant is not entitled to relief on the basis of his particular claim of ineffective assistance of trial counsel.

Defendant further contends that he is entitled to be resentenced if one of his carjacking convictions is vacated.

---

[5] US Const, Am V; Const 1963, art 1, § 15.

6

We find no reason to remand for resentencing. Rescoring of the guidelines to reflect only one carjacking conviction would result in the same recommendation under the guidelines. Moreover, our review of the record indicates that the sentencing judge, who imposed identical concurrent sentences, viewed defendant's criminal episode as a single event, and sentenced defendant accordingly. No reason exists to believe that defendant's convictions on two counts of carjacking rather than one affected either sentence.

VI

Accordingly, we vacate one of defendant's convictions and the related sentence. In all other respects we affirm the decision of the Court of Appeals. MCR 7.302(F)(1).

> Maura D. Corrigan
> Michael F. Cavanagh
> Elizabeth A. Weaver
> Clifford W. Taylor
> Robert P. Young, Jr.
> Stephen J. Markman

KELLY, J.

I concur in the result only.

> Marilyn Kelly

7