PEOPLE v DOWDY

Docket No. 287689. Submitted January 5, 2010, at Lansing. Decided
    February 2, 2010, at 9:05 a.m.

    Randall L. Dowdy, a homeless person who has been convicted of
    first-degree criminal sexual conduct, was charged in the Ingham
    Circuit Court, Thomas L. Brown, J., with failure to comply with
    the provisions of the Sex Offenders Registration Act (SORA), MCL
    28.721 *et seq*. The trial court dismissed the charges. The Court of
    Appeals, METER, P.J., and OWENS and M.J. KELLY, JJ., denied the
    prosecution's delayed application for leave to appeal in an unpub-
    lished order, entered February 12, 2009 (Docket No. 287689). The
    Supreme Court, in lieu of granting leave to appeal, remanded the
    case to the Court of Appeals for consideration as on leave granted.
    484 Mich 855 (2009).

    The Court of Appeals *held*:

    1. SORA provides for registering and reporting by individuals
    convicted of specified crimes where those individuals have either a
    domicile or a residence.

    2. A "domicile" is a person's true, fixed, principal, and perma-
    nent home, to which that person intends to return and remain
    even though currently residing elsewhere. The parties agree that,
    as a homeless person, defendant has no true, fixed, principal, and
    permanent home.

    3. The term "residence" generally, and as specifically defined
    in SORA, does not include the concept of the intent to make the
    residence a permanent home. A person may have many residences
    but only one domicile.

    4. Pursuant to SORA, a "residence" refers to a place, a
    dwelling, an abode, where an individual has a regular place of
    lodging. A "lodging" is a place to live or accommodations in a
    house, especially in rooms to rent. The provisional location where
    a homeless person happens to spend the night does not fall within
    the ambit of these definitions. The concepts of habitually and
    regularity are antithetical to the circumstances of homelessness.

    5. SORA provides for maintaining information on the location
    of convicted sex offenders in order to provide for the public safety.

The reporting requirements are focused on persons who have a domicile or a residence, as defined by the act. The trial court properly dismissed the charges on the basis that defendant does not have a domicile or a residence.

Affirmed.

CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT.

The Sex Offenders Registration Act provides for the registering of and reporting by individuals convicted of specified crimes where those individuals have either a domicile or a residence, as defined by the act (MCL 28.721 *et seq.*).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Stuart J. Dunnings III*, Prosecuting Attorney, and *Joseph B. Finnerty*, Assistant Prosecuting Attorney, for the people.

*Patrick J. Eagan* for defendant.

Before: BECKERING, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM. On remand from our Supreme Court, the prosecution argues that the trial court erred by dismissing the charges pending against the homeless defendant for failure to comply with the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*[1] We affirm.

---

[1] The prosecution originally brought a delayed application for leave to appeal an order of the circuit court dismissing charges brought against defendant under SORA for failing to register, MCL 28.729(1)(a), failing to comply with reporting duties, MCL 28.729(2)(a), and failing to pay registration fees, MCL 28.729(4). This Court denied leave on the basis of a lack of merit in the appeal raised. *People v Dowdy*, unpublished order of the Court of Appeals, entered February 12, 2009 (Docket No. 287689). Our Supreme Court, in lieu of granting leave to appeal, remanded the case for consideration as on leave granted. *People v Dowdy*, 484 Mich 855 (2009). Defendant has several convictions for the offense of first-degree criminal sexual conduct, MCL 750.520b.

Resolution of this appeal turns on an interpretation of provisions of SORA. The goal of statutory interpretation is to give effect to the intent of the Legislature. *People v Davis*, 468 Mich 77, 79; 658 NW2d 800 (2003). The intent of the Legislature is most reliably shown through the words used in the statute. *Id.* If the language in the statue is unambiguous, judicial construction is neither required nor permitted. *Id.* But if a statute is ambiguous, then judicial construction is appropriate. See *People v Gardner*, 482 Mich 41, 50 n 12; 753 NW2d 78 (2008).

Here, the intent of the Legislature is clearly defined in the act. The Legislature enacted SORA to "better assist law enforcement officers and the people of this state in preventing and protecting against the commission of future criminal sexual acts by convicted sex offenders." MCL 28.721a.

MCL 28.725(1) provides as follows:

> An individual required to be registered under this act shall notify the local law enforcement agency or sheriff's department having jurisdiction where his or her new residence or domicile is located or the department post of the individual's new residence or domicile within 10 days after the individual changes or vacates his or her residence, domicile, or place of work or education, including any change required to be reported under section 4a.

MCL 28.722(g) defines the term "residence" as follows:

> "Residence", as used in this act, for registration and voting purposes means that place at which a person habitually sleeps, keeps his or her personal effects, and has a regular place of lodging. If a person has more than 1 residence, or if a wife has a residence separate from that of the husband, that place at which the person resides the greater part of time shall be his or her official residence for the purposes of this act.

Thus, SORA provides for registering and reporting by individuals convicted of specified crimes where those individuals have either a domicile or residence. A "domicile" is "a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere." Black's Law Dictionary (8th ed). While the terms "domicile" and "residence" are often used as synonyms, the term "residence" generally, and as specifically defined in SORA, does not include the concept of the intent to make the residence a permanent home. A person may have many residences, but only one domicile. See *In re Scheyer's Estate*, 336 Mich 645, 652; 59 NW2d 33 (1953); *Beecher v Common Council of Detroit*, 114 Mich 228, 230; 72 NW 206 (1897). SORA's use of the two terms clearly indicates that the act recognizes and maintains this important distinction.

Domicile is not an issue in this case because the parties agree that as a homeless person, defendant has no "true, fixed, principal, and permanent home." The issue on appeal focuses on the question whether he has a residence for purposes of SORA. It is accepted that defendant is homeless. The plain language of the statute employed by the Legislature here says the term "residence" refers to a place, a dwelling, an abode, where an individual has a "regular place of lodging." A "lodging" is defined to be "[a] place to live," *The American Heritage Dictionary of the English Language* (1996), or "accommodation in a house, esp. in rooms for rent," *Random House Webster's College Dictionary* (1997). The provisional location where a homeless person happens to spend the night does not fall within the ambit of these definitions. A homeless person is not provided an accommodation by another as a place to habitually sleep or store personal items.

Moreover, the concepts of habitually and regularity are antithetical to the circumstances of homelessness. If there is anything "habitual" to the sleeping arrangements of the homeless, it is that it is customary for them not to have the security of a customary place of lodging. If there is anything "regular" about the place where a homeless person lives, it is that it is not within a home. See *People v Dowdy*, 484 Mich 855, 857-858 (2009) (KELLY, C.J., concurring).

In sum, in SORA, the Legislature provided for maintaining information on the location of convicted sexual offenders in order to provide for the public safety. MCL 28.721a. But, in so doing, the Legislature chose to focus those reporting requirements on persons who have a domicile or residence, as defined by the act. The Legislature is free, indeed, empowered, to make this choice, as it is to include a provision addressing reporting requirements for the homeless. As Justice HATHAWAY indicated in her dissenting opinion in *Dowdy*, 484 Mich at 863, the purpose of SORA is wise, and the Legislature is urged to consider changes so that a homeless person who does not have a domicile or residence may readily comply with its requirements. Any such change, however, is solely within the province of the legislative branch. *Gardner*, 482 Mich at 66.

We affirm.