*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRANDON EARL SMALLWOOD,

        Defendant-Appellant.

UNPUBLISHED
April 16, 2020

No. 343789
Tuscola Circuit Court
LC No. 17-014011-FC

Before: SAWYER, P.J., and LETICA and REDFORD, JJ.

PER CURIAM.

Defendant, Brandon Earl Smallwood, pleaded *nolo contendere* to armed robbery, MCL 750.529, first-degree home invasion, MCL 750.110a(2), and unlawful imprisonment, MCL 750.349b. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to serve 20 to 60 years' imprisonment for armed robbery, 20 to 30 years' imprisonment for first-degree home invasion, and 15 to 22½ years' imprisonment for unlawful imprisonment. Defendant appeals as on leave granted,[1] challenging the scoring of offense variables (OVs) 1, 2, and 8. We affirm the trial court's scoring of OV 8. However, because we conclude that the trial court failed to make the requisite factual determinations in scoring OVs 1 and 2, and because the reduction of points scored for these offense variables results in an alteration of the sentencing guidelines range, we remand to the trial court for resentencing.

## I. FACTS

On January 24, 2017, defendant and his codefendant, Lance Tyler Swinehart, broke into Michael Dyer's home. Dyer, who was sleeping on his couch, woke up to find defendant and Swinehart standing over him and pointing what appeared to be semiautomatic handguns at him. Defendant and Swinehart tied Dyer's hands and feet with duct tape before retrieving marijuana from Dyer's bedroom. Defendant and Swinehart also took Dyer's prescription Vicodin and $180 from his wallet. They left after advising Dyer that if they saw him trying to look through the

---

[1] *People v Smallwood*, 503 Mich 953 (2019).

window, they would "unload on him." Dyer waited until he heard the sound of the vehicle leaving and then crawled to the kitchen to cut off the tape. Dyer told police officers that the men who robbed him had what appeared to be a 9-millimeter handgun.

Swinehart told the police officers that when he and defendant arrived at Dyer's house, defendant pulled two BB pistols out of his jacket and gave one to Swinehart. When they finished robbing Dyer, defendant threw the BB guns out the window of the car. During a search of defendant's mother's residence, the police officers found a BB gun "clip," a ziplock bag with 174 grams of suspected marijuana, a "Muscle Milk Container" with 53 grams of suspected marijuana, a plastic container with 216 grams of suspected marijuana, bandanas, and an "air soft/BB rifle." When he was interviewed by the police, defendant's brother, Eric Dill, told the police officers that they did have BB guns in the house but defendant took them about three days before he was arrested and he had not seen them since.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

### B. OV 1 AND OV 2

We conclude that the trial court erred in scoring OV 1 and OV 2 by failing to make a factual determination regarding whether defendant possessed or used a firearm during the commission of the sentencing offense. Because the reduction of the 16 points assessed for these offense variables results in an alteration of the guidelines range, resentencing is required.

"[OV 1] is aggravated use of a weapon." MCL 777.31(1). Under MCL 777.31(1)(c), when "[a] firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon," 15 points are scored for OV 1.[2] "[OV 2] is lethal potential of the weapon possessed or used." MCL 777.32(1). Under MCL 777.32(1)(e), when "[t]he offender possessed or used any other potentially lethal weapon," one point is scored for OV 2.

---

[2] Alternatively, five points are scored if "[a] weapon was displayed or implied," MCL 777.31(1)(e); however, five points may not be scored for OV 1 when armed robbery is the sentencing offense, MCL 777.31(2)(e).

MCL 777.31 does not define "firearm." However, MCL 8.3t provides: "The word 'firearm', except as otherwise specifically defined in statute, includes any weapon which will, is designed to, or may readily be converted to expel a projectile by action of an explosive."

In ruling that 15 points were properly scored for OV 1, the trial court stated:

[T]here's a reference on Page 2 of the Presentence Investigation Report under Agent's Description of the Offense, fourth paragraph, where the victim's indicating what occurred. The last sentence indicates he ". . . woke up to find two individuals standing over him pointing . . . semi auto type handguns at him."

And then Page 5 also under the agent's description, first paragraph, quote, "Dyer stated he thought the gun was a 9mm handgun that was black or silver but could not tell if it was a real gun. He did not notice anything that would indicate it was not a real gun."

I mean I guess the way I look at this is whether or not the gun was an actual firearm, it certainly was being utilized as a firearm, and it's the same principle in the statute for armed robbery. Because it was possibly a BB gun doesn't make it not an armed robbery.

So as far as I'm concerned, the purpose and the use of the weapon was to intimidate and/or put the victim in reasonable apprehension of a battery. And for all intents and purposes, the victim did not know that it was not a real gun, so whatever the victim went through, he was going through that as if it was a real gun. So the Court finds that [OV 1] is properly scored at 15 and denies the objection.

The trial court concluded that whether the weapon used by defendant was real did not make a difference for purposes of scoring OV 1, and that the victim suffered a reasonable apprehension of battery, which is "the same principle in the statute for armed robbery." However, under MCL 777.31(1)(c), a "firearm," specifically, has to be pointed at or toward a victim. In this case, there are conflicting assertions by defendant and the victim about what kind of a weapon was used in this case. The PSIR states that Swinehart indicated that he saw defendant throwing the BB guns that they had used out of the window of the car after they had robbed Dyer. Additionally, police officers, acting on a tip, among several grams of marijuana and other items, found a BB gun "clip" at the residence where the police officers were told they would find all the evidence. On the other hand, Dyer told the police officers that he "thought" the gun that was used to rob him was a black or silver 9-millimeter handgun.

The trial court, in scoring OV 1, did not make a finding concerning the weapon that was used in commission of the offense. The trial court analogized the elements of armed robbery in support of its conclusion, instead of applying the specific statutory language of MCL 777.31(1)(c) and MCL 8.3t and making a factual finding regarding whether defendant used a BB gun or a 9-millimeter handgun in the commission of the sentencing offense, armed robbery. Similarly, because the trial court did not make a factual finding concerning what kind of weapon defendant used, we cannot make a determination regarding whether defendant possessed or used a "potentially lethal weapon" for purposes of OV 2.

-3-

A reduction of the 16 points assessed for OVs 1 and 2 results in an alteration of defendant's minimum sentencing guidelines range. See MCL 777.62. Therefore, because any error in scoring OV 1 and OV 2 would affect the applicable guidelines range, defendant is entitled to resentencing on this basis. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006); *People v Davis*, 468 Mich 77, 83; 658 NW2d 800 (2003).

## C. OV 8

We conclude that the trial court properly assessed 15 points for OV 8.

"[OV 8] is victim asportation or captivity." MCL 777.38(1). Under MCL 777.38(1)(a), when "[a] victim was asported to another place of greater danger or to a situation of greater danger or *was held captive beyond the time necessary to commit the offense*," 15 points are scored for OV 8 (emphasis added).

In this case, defendant and Swinehart tied Dyer's wrists and ankles while holding a gun to the back of his head, and they instructed him not to move. After defendant and Swinehart stole Dyer's marijuana from his bedroom, they told Dyer that if they saw him looking out the window, they would "unload on him." Dyer stated that he "waited for the sound of the vehicle to leave before crawling over to the kitchen and cutting off the tape." This record evidence was sufficient for the trial court to find, by a preponderance of the evidence, that Dyer was held "captive beyond the time necessary to commit the offense," MCL 777.38(1)(a).

We affirm the trial court's assessment of 15 points for OV 8. However, because the trial court did not make the requisite factual findings in scoring OVs 1 and 2, we remand for resentencing. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Anica Letica
/s/ James Robert Redford

-4-