PEOPLE v JOHNSON

Docket No. 302173. Submitted April 4, 2012, at Detroit. Decided October 16, 2012, at 9:05 a.m. Leave to appeal denied, 493 Mich 970.

Todd C. Johnson was convicted, following a bench trial in the Wayne Circuit Court, Linda V. Parker, J., of three counts of first-degree criminal sexual conduct. He was sentenced to 17½ to 40 years' imprisonment and lifetime electronic monitoring. Defendant appealed.

The Court of Appeals *held*:

1. The trial court did not err by assessing 50 points for offense variable (OV) 11, MCL 777.41, when calculating defendant's recommended minimum sentence range. The record evidence established that two sexual penetrations arose out of the penetrations forming the basis of the sentencing offenses.

2. There was evidence of predatory conduct by defendant used to exploit a vulnerable victim, including giving gifts to the young victim, who was between the ages of 13 and 16, and picking her up in his vehicle. The trial court properly assessed 15 points for OV 10, MCL 777.40.

3. Regardless of the ages of a defendant and the defendant's victim, MCL 750.520b(2) requires lifetime electronic monitoring to be imposed for convictions of first-degree criminal sexual conduct when, as in this case, the defendant has not been sentenced to life in prison without the possibility of parole. Defendant was properly sentenced to lifetime electronic monitoring.

Affirmed.

1. Sentences — Sentencing Guidelines — Offense Variable 11 — Sexual Penetrations.

Vaginal penetration, fellatio, and cunnilingus are considered separate sexual penetrations for purposes of scoring offense variable 11, which addresses criminal sexual penetrations (MCL 777.41).

2. Sentences — Sentencing Guidelines — Offense Variable 11 — Words and Phrases — Arising Out Of.

The phrase "arising out of" used in the statute regarding the scoring of offense variable 11 (criminal sexual penetrations) refers to

something that springs from or results from something else or has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen; the instruction in the statute to score all sexual penetrations of the victim by the offender arising out of the sentencing offense therefore requires more than the mere fact that the penetrations involved the same defendant and victim in order for them to be considered to have arisen out of the sentencing offense (MCL 777.41[2][a]).

3. SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLE 10 — WORDS AND PHRASES — PREDATORY CONDUCT.

"Predatory conduct," for purposes of scoring offense variable 10 regarding exploitation of a vulnerable victim, is conduct that occurred before the commission of the scoring offense and that was directed at the victim for the primary purpose of victimization (MCL 777.40[3][a]).

4. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — SENTENCES — LIFETIME ELECTRONIC MONITORING.

Regardless of the ages of a defendant and his or her victim, MCL 750.520b(2) requires that a defendant convicted of first-degree criminal sexual conduct who is not sentenced to life in prison without the possibility of parole be sentenced to lifetime electronic monitoring in addition to any other penalty imposed (MCL 750.520n).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Julie A. Powell*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Douglas W. Baker*) for defendant.

Before: WILDER, P.J., and O'CONNELL and WHITBECK, JJ.

WILDER, P.J. Defendant was convicted, following a bench trial, of three counts of first-degree criminal sexual conduct, MCL 750.520b (multiple circum-

stances). Defendant was sentenced to 17¹/₂ to 40 years' imprisonment for the convictions. Additionally, defendant's judgment of sentence was amended to order defendant to lifetime electronic monitoring pursuant to MCL 750.520n. Defendant appeals as of right. We affirm.

I

Defendant first argues that the trial court erred by assessing 50 points for offense variable (OV) 11, MCL 777.41, when calculating defendant's recommended minimum sentence range for his first-degree criminal sexual conduct convictions. We disagree.

"This Court reviews de novo questions of statutory construction." *People v Ryan*, 295 Mich App 388, 400; 819 NW2d 55 (2012). "This Court reviews a trial court's scoring of a sentencing guidelines variable for clear error." *People v Lockett*, 295 Mich App 165, 182; 814 NW2d 295 (2012). "This Court reviews a sentencing court's scoring decision to determine whether the trial court properly exercised its discretion and whether the record evidence adequately supports a particular score." *People v Phelps*, 288 Mich App 123, 135; 791 NW2d 732 (2010) (quotation marks and citation omitted). The record evidence the trial court is permitted to consider when calculating the sentencing guidelines includes the contents of the presentence investigation report. *People v Althoff*, 280 Mich App 524, 541; 760 NW2d 764 (2008). This Court will affirm a trial court's decision regarding sentencing scoring when there is evidence existing to support the score. *Id.*

First-degree criminal sexual conduct, MCL 750.520b, is a class A felony against a person. MCL 777.16y. "A scoring decision is not clearly erroneous if the record contains any evidence in support of the decision."

*Lockett*, 295 Mich App at 182 (quotation marks and citation omitted). "A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Ratkov (After Remand)*, 201 Mich App 123, 125; 505 NW2d 886 (1993). "[If] a defendant has effectively challenged an adverse factual assertion contained in the presentence report or any other controverted issues of fact relevant to the sentencing decision, the prosecution must prove by a preponderance of the evidence that the facts are as asserted." *Id.*

MCL 777.41 governs the scoring of OV 11 and provides as follows:

(1) Offense variable 11 is criminal sexual penetration. Score offense variable 11 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) Two or more criminal sexual penetrations occurred........................................................................50 points

(b) One criminal sexual penetration occurred.....25 points

(c) No criminal sexual penetration occurred .....0 points

(2) All of the following apply to scoring offense variable 11:

(a) Score all sexual penetrations of the victim by the offender arising out of the sentencing offense.

(b) Multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in offense variables 12 or 13.

(c) Do not score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense.

Vaginal penetration, fellatio, and cunnilingus are considered separate sexual penetrations when scoring OV 11 under MCL 777.41. See *People v Wilkens*, 267 Mich App 728, 743; 705 NW2d 728 (2005). Also, the Michigan Supreme Court has defined "arising out of," as used in MCL 777.41, as something that "springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen." *People v Johnson*, 474 Mich 96, 101; 712 NW2d 703 (2006). Accordingly, this standard requires more than the mere fact that the penetrations involved the same defendant and victim. *Id*. at 101-102.

Defendant was charged with and convicted of three counts of first-degree criminal sexual conduct involving vaginal penetration, fellatio, and cunnilingus with the victim "V." V testified that she started having sex with defendant when she was 13 years old and that she has been involved with defendant sexually for three years. The first time sexual relations happened between V and defendant was at defendant's home. V also had sex with defendant at her home. However, V did not recall how many times she had sex with defendant. V stated that defendant put his penis inside her vagina more than one time, beginning when she was 13 years old. Defendant performed cunnilingus on V more than one time, beginning when she was 13 years old. V performed fellatio on defendant more than once. In addition, V's statements in defendant's presentence investigation report indicated that she and defendant engaged in vaginal-penile intercourse almost every time they were together and that they also performed fellatio and cunnilingus during these encounters. Accordingly, because the record evidence establishes that two sexual penetrations arose out of the penetrations forming the basis of the sentencing offenses, OV 11 was properly scored.

II

Next, defendant argues that there is no evidence of predatory conduct, and thus, OV 10, MCL 777.40, should have been scored at 10 points rather than 15 points. We disagree. The trial court must assess 15 points for OV 10 when "[p]redatory conduct was involved" in exploiting a vulnerable victim. MCL 777.40(1)(a). Under MCL 777.40(3)(a), "[p]redatory conduct" is conduct that occurred before the commission of the scoring offense and that was directed at the victim for the primary purpose of victimization. *Lockett*, 295 Mich App at 183. If a victim is young, the victim may be susceptible to physical restraint or temptation by an adult. See *id*. at 184.

The presentence investigation report stated that, according to V, defendant gave her a "minute telephone" so that they could continue to communicate. It also provided that on one occasion, defendant picked V up in his vehicle and took her to his home before having sex with her. Additionally, V's mother testified that there was a time when she noticed that V had received some gifts, including Victoria's Secret underwear, diamond earrings, and a pink cell phone. Furthermore, there is evidence that V's mother discovered that V had received these gifts before an incident in which she found V at defendant's home. V was subsequently interviewed and examined by a nurse. During the interview, V admitted having vaginal intercourse with defendant. The DNA mixture found during the examination of V's vagina matched defendant's DNA. Therefore, V, between the ages of 13 and 16, was arguably vulnerable to the temptation of defendant's gifts and susceptible to physical restraint by defendant because defendant picked her up in his vehicle and took her to his home before having sex with her. See *id*. Further-

more, there is evidence that defendant gave V these gifts before an incident in which he engaged in vaginal intercourse with V. Additionally, the presentence investigation report supports the conclusion that defendant gave V a cell phone so that he could continue to communicate with and have access to her, despite V's mother ordering her not to have contact with defendant. Accordingly, the trial court did not err by finding that defendant's gifts to V and picking V up in his vehicle were predatory conduct used to exploit V, a vulnerable victim, and thus, OV 10 was properly scored at 15 points.

III

Finally, defendant argues that because V was not less than 13 at the time of defendant's offenses, defendant was erroneously sentenced to lifetime electronic monitoring. We disagree.

"Whether defendant is subject to the statutory requirement of lifetime electronic monitoring involves statutory construction, which is reviewed de novo." *People v Kern*, 288 Mich App 513, 516; 794 NW2d 362 (2010). At issue is the proper interpretation of MCL 750.520b(2) and MCL 750.520n(1). Because these statutes "address the same subject and share a common purpose, they are *in pari materia* and must be read together as a unified whole." *People v Brantley*, 296 Mich App 546, 558; 823 NW2d 290 (2012).

MCL 750.520b(2) provides the following

> Criminal sexual conduct in the first degree is a felony punishable as follows:
>
> (a) Except as provided in subdivisions (b) and (c), by imprisonment for life or for any term of years.

(b) For a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any terms of years, but not less than 25 years.

(c) For a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age, by imprisonment for life without possibility of parole if the person was previously convicted of a violation of this section or [MCL 750.520c, 750.520d, 750.520e, or 750.520g] committed against an individual less than 13 years of age or a violation of law of the United States, another state or political subdivision substantially corresponding to a violation of this section or [MCL 750.520c, 750.520d, 750.520e, or 750.520g] committed against an individual less than 13 years of age.

(d) In addition to any other penalty imposed under subdivision (a) or (b), the court shall sentence the defendant to lifetime electronic monitoring under [MCL 750.520n].

This section requires three differing prison sentences for first-degree criminal sexual conduct, depending on the circumstances: (1) imprisonment for life or any term of years; (2) imprisonment for life or any term of years, but not less than 25 years, if the defendant is 17 years or older and the victim is less than 13 years of age; or (3) imprisonment for life without the possibility of parole if the defendant was previously convicted of a criminal sexual conduct offense or another attempted criminal sexual conduct offense. The subdivision (d) penalty regarding lifetime monitoring is explicitly required to be imposed *in addition to* the penalties provided in subdivisions (a) and (b). Moreover, the lifetime monitoring penalty specifically does not apply when a defendant is sentenced to prison for life without the possibility of parole under subdivision (c). Thus, we conclude from the plain statutory language that, *regardless of the ages of the defendant and the victim*, MCL 750.520b(2) requires lifetime electronic monitor-

ing for first-degree criminal sexual conduct convictions when the defendant has not been sentenced to life in prison without the possibility of parole.

This interpretation of MCL 750.520b(2) is further supported by MCL 750.520n(1). *Brantley*, 296 Mich App at 558. MCL 750.520n(1) states:

> A person convicted under section 520b or 520c for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring . . . .

The *Brantley* Court concluded that, applying the "last antecedent rule" to this section, the phrase "committed by an individual 17 years old or older against an individual less than 13 years of age" only modifies or restricts the immediately preceding antecedent, "520c."[1] *Brantley*, 296 Mich App at 557. As a result, a person convicted under section 520b, regardless of the ages involved, is to be sentenced to lifetime electronic monitoring, and a person convicted under section 520c is to be sentenced to lifetime monitoring only if the defendant was 17 or older at the time of the crime and the victim was less than 13.

Therefore, for all of the above-stated reasons, defendant, having been convicted of first-degree criminal sexual conduct, was properly ordered to submit to lifetime electronic monitoring even though V was not less than 13 years of age, and his claim fails.

Affirmed.

O'CONNELL and WHITBECK, JJ., concurred with WILDER, P.J.

---

[1] 520b refers to MCL 750.520b, which addresses first-degree criminal sexual conduct, and 520c refers to MCL 750.520c, which addresses second-degree criminal sexual conduct.