# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TYWAUN TRAMEL COAKLEY,

        Defendant-Appellant.

UNPUBLISHED
July 12, 2018

No. 337318
Wayne Circuit Court
LC No. 16-006712-01-FC

Before: O'BRIEN, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of vehicular manslaughter, MCL 750.321. The jury acquitted defendant of second-degree murder, MCL 750.317; assault with a motor vehicle, MCL 750.82; and leaving the scene of a motor-vehicle accident causing death, MCL 257.617(3). The trial court sentenced defendant to a prison term of 3-1/2 to 15 years. We affirm.

Defendant's conviction arose from the death of 81-year-old Roberto Ybarra, who died on July 18, 2016, after he was struck by a vehicle driven by defendant on July 17, 2016. According to witnesses, defendant was driving a white Impala and was engaged in an argument with Ybarra, who was outside defendant's vehicle. Testimony indicated that as Ybarra was walking toward defendant's vehicle, defendant had a path in which he could have driven forward, but he instead reversed his vehicle, stated "Do you wanna' go?," and then accelerated forward while maneuvering his vehicle into Ybarra's path, striking Ybarra, and then drove off. Ybarra sustained serious injuries, including a traumatic brain injury, and died the next day from his injuries.

Defendant argues that the evidence was insufficient to support his manslaughter conviction, or alternatively, that he is entitled to a new trial because the jury's verdict was against the great weight of the evidence. We disagree with both arguments.

An appellate court's review of the sufficiency of the evidence to sustain a conviction turns on whether there was sufficient evidence to justify a rational trier of fact in finding the defendant guilty beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). This Court must view the evidence in the light most favorable to the prosecution. *Id.* at 515. "This Court will not interfere with the trier of

fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005). Any conflicts in the evidence must be resolved in favor of the prosecution. *People v Jackson*, 292 Mich App 583, 587-588; 808 NW2d 541 (2011).

Defendant was convicted of vehicular manslaughter, which is a form of involuntary manslaughter, MCL 750.321. "An unlawful act, committed with the intent to injure or in a grossly negligent manner, that proximately causes death is involuntary manslaughter." *People v McCoy*, 223 Mich App 500, 502; 566 NW2d 667 (1997). The prosecution's theory was that defendant deliberately drove his vehicle at Ybarra with the intent to injure him, or alternatively was grossly negligent. In *McCoy, id*. at 503, this Court explained:

> In order to show gross negligence, the following elements must be established:
>
> (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.
>
> (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.
>
> (3) The omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. [Quotation marks and citations omitted.]

Defendant argues that the evidence did not support the necessary state of mind to prove gross negligence. Defendant maintains that he did not see Ybarra as Ybarra was walking between defendant's vehicle and another vehicle, and that the circumstances in which he struck Ybarra with his vehicle supported, at most, the occurrence of an accident. We disagree.

Evidence showed that defendant knew that Ybarra was in the area near defendant's vehicle, trying to get his keys back from defendant's car. A witness saw Ybarra going back and forth between the two vehicles. Further, testimony indicated that just before Ybarra was struck by defendant's vehicle as Ybarra was walking toward it, defendant put the vehicle in reverse and was heard saying, "Do you wanna' go? Do you wanna' go?" Defendant then accelerated his car, maneuvered it to the outside lane occupied by Ybarra despite the fact that nothing prevented defendant from driving forward in his own lane, and struck Ybarra with such force that Ybarra fell on or struck his own vehicle and landed 10 to 15 feet away. Viewed in the light most favorable to the prosecution, these facts supported a finding that defendant acted, in the least, in a grossly negligent manner, and thus supported his conviction of involuntary manslaughter. *Id*. at 502-503.

In *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009), this Court stated:

The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence. Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial. Further, the resolution of credibility questions is within the exclusive province of the jury. [Quotation marks and citations omitted.]

In *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998), the Michigan Supreme Court explained that, absent extraordinary circumstances, issues of witness credibility are for the jury and a reviewing court may not substitute its view of the credibility of the evidence for the jury's determination.

There is no basis for concluding that the jury's verdict was against the great weight of the evidence. The testimony describing the manner in which defendant accelerated his vehicle and maneuvered out of his lane in order to strike Ybarra, as well as defendant's statements immediately before these actions, allowed the jury to reasonably reject the conclusion that this was an accidental collision that occurred because defendant did not see Ybarra in the street. Contrary to defendant's argument, the great weight of the evidence did not support a finding that he was operating his vehicle with ordinary care when he struck Ybarra with his vehicle. The evidence did not preponderate so heavily against the jury's verdict that it would be a miscarriage of justice to allow the verdict to stand.

Defendant argues that he is entitled to resentencing because the trial court erred in its scoring of Offense Variables (OVs) 6, 17, and 19 of the sentencing guidelines. When reviewing a challenge to the scoring of the sentencing guidelines, this Court reviews the trial court's factual determinations, which must be supported by a preponderance of the evidence, for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

Defendant challenges the trial court's assessment of 10 points for OV 19. MCL 777.49(c) provides that 10 points are to be assessed for OV 19 if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). An offender who does not so interfere should receive zero points. MCL 777.49(d). A defendant's acts to avoid arrest and hinder detection by the police may constitute interference with the administration of justice. See *People v Ericksen*, 288 Mich App 192, 203-204; 793 NW2d 120 (2010).

We disagree with defendant's argument that his acquittal of the charge of leaving the scene of an accident causing death precluded the trial court from scoring OV 19. Unlike a jury's guilty verdict, which requires proof beyond a reasonable doubt, a trial court's scoring decision need only be supported by a preponderance of the evidence. *Hardy*, 494 Mich at 438. A court properly may consider the evidence at trial when scoring the guidelines. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). The evidence at trial showed that defendant struck

Ybarra and then drove off with a "blown out" tire, driving on the rim. A witness followed him in a sport utility vehicle. According to the witness, defendant drove to a bus station, got out of his vehicle, and then began mingling with other patrons at the station. This testimony supported an inference that defendant left his vehicle and was attempting to blend in with others at the bus station to avoid detection. Because a preponderance of the evidence supports that defendant left the accident scene and then engaged in active efforts to avoid arrest and lead the police astray, the trial court did not err in assessing 10 points for OV 19.

Next, defendant argues that the trial court erred by assessing 10 points each for OVs 6 and 17. Sufficient evidence supported the 10-point score for OV 6. MCL 777.36(1)(c) provides that a court is to assess 10 points for OV 6 if "[t]he offender had intent to injure . . . or there was gross negligence amounting to an unreasonable disregard for life." The jury was instructed on gross negligence as an element of involuntary manslaughter. The jury's guilty verdict for involuntary manslaughter supported the 10-point score for OV 6.

As defendant further observes, however, the trial court's scoring of OV 6 also implicates the scoring of OV 17. MCL 777.47(1)(a) authorizes a 10-point score for OV 17 if "[t]he offender showed a wanton or reckless disregard for the life or property of another person." Conversely, five points is the proper score if "[t]he offender failed to show the degree of care that a person of ordinary prudence in a similar situation would have shown." MCL 777.47(1)(b). However, MCL 777.47(2) provides: "Do not score 10 points if points are given in offense variable 6." Under MCL 777.37(2), the trial court clearly erred when it assessed 10 points for OV 17 after having already assessed 10 points for OV 6. As plaintiff argues, however, MCL 777.37(2) only prohibits a court from scoring *10* points for OV 17 when OV 6 is scored. It does not prohibit a court from assigning a lesser score if there is evidence to support the score. The testimony at trial established by a preponderance of the evidence that when defendant operated his vehicle, he failed to show the degree of care of a person of ordinary prudence in a similar situation. Thus, the trial court should have assessed only five points, not 10 points, for OV 17. We conclude, however, that this scoring error does not entitle defendant to resentencing.

A scoring error that does not affect the guidelines range is harmless, and does not require resentencing. Cf. *People v Francisco*, 474 Mich 82, 91-92; 711 NW2d 44 (2006); see also *People v Davis*, 468 Mich 77, 83; 658 NW2d 800 (2003). Defendant received a total OV score of 80 points, placing him in OV Level VI (75+ points) on the applicable sentencing grid. MCL 777.64.[1] A five-point reduction to the scoring of OV 17 does not change defendant's placement in OV Level VI, and thus does not affect defendant's sentencing guidelines range. Therefore, defendant is not entitled to resentencing.

---

[1] Defendant Prior Record Variable (PRV) score of 110 points placed him in PRV Level F (75+ points); his placement in the F-VI cell produced a guidelines range of 62 to 114 months. MCL 777.64.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Patrick M. Meter
/s/ Michael J. Riordan