*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

STEVEN EDWARD HOWELL,

Defendant-Appellant.

UNPUBLISHED
January 22, 2019

No. 341416
Bay Circuit Court
LC No. 16-010702-FH

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of domestic violence, third offense, MCL 750.81(5), and was sentenced to 300 days in jail with credit for 139 days served and 65 days deferred, as well as three years of probation. He subsequently violated the terms of his probation and was sentenced to 38 to 60 months in prison. Defendant sought resentencing, arguing that offense variable (OV) 9, OV 10, and OV 12 were improperly scored; the trial court denied the motion. Defendant now appeals by delayed leave granted.[1] Because we conclude that 10 points were improperly assessed for OV 10, and because the subtraction of 10 points lowers defendant's minimum sentencing guidelines range, we vacate the sentence of the trial court and remand for resentencing.

On October 11, 2016, police officers responded to reports of a fight. A participant in the altercation, Amber Sagar, told police officers that defendant and Misty Mazurowski got into a fight outside of Sagar's home. Sagar grabbed a baton and began hitting defendant in the ribs, while TW, Mazurowski's 12-year-old daughter and defendant's "stepdaughter," also attempted to intervene. Defendant grabbed TW by the hair and punched her in the head twice. TW gave a similar account to the police and at a preliminary examination.

---

[1] *People v Howell*, unpublished order of the Court of Appeals, entered February 11, 2018 (Docket No. 341416).

Defendant was charged with two counts of domestic violence, one for assaulting Mazurowski and one for assaulting TW, but the charge pertaining to Mazurowski was dismissed before bindover. Defendant subsequently pleaded guilty pursuant to a plea agreement and was sentenced to jail time and probation. He violated a condition of his probation by contacting Mazurowski later that day. He pleaded guilty to violating his probation and was sentenced to 38 months to 60 months in prison. The trial court later denied defendant's motion for resentencing.

Defendant first contends that he is entitled to resentencing because OV 9, OV 10, and OV 12 were improperly scored. Although we conclude that OV 9 and OV 12 were properly scored, we remand for resentencing because 10 points were improperly scored for OV 10.

The trial court may consider all record evidence in calculating the sentencing guidelines, including the contents of the PSIR. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). The trial court's factual determinations must be supported by a preponderance of the evidence, and this Court reviews those findings for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

OV 9 relates to the number of victims. MCL 777.39. Ten points should be scored for OV 9 when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death." MCL 777.39(1)(c). A person may be considered a victim "even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim." *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013). OV 9 "cannot be scored using uncharged acts that did not occur during the same criminal transaction as the sentencing offense," and "a defendant's conduct after an offense is completed does not relate back to the sentencing offense for purposes of scoring [OVs] unless a variable specifically instructs otherwise." *People v McGraw*, 484 Mich 120, 122; 771 NW2d 655 (2009).

Defendant argues that the assault against TW and the assault against Mazurowski were separate and cannot be aggregated. This is contrary to the record. Defendant's own written description of the events in the PSIR indicated that he was fighting with Mazurowski when TW stepped in, and that he immediately "went after" her because he believed she was hitting him with a baton. Mazurowski told the police that she and defendant were fighting and that she was assaulted. TW also reported that defendant assaulted Mazurowski, as did another witness. Accordingly, the trial court's finding that there were two victims was supported by the preponderance of the evidence and was not clearly erroneous.

Defendant next argues that five points were improperly scored for OV 12. OV 12 contemplates felonious criminal acts that occur contemporaneously with the sentencing offense. MCL 777.42. A score of five points is appropriate if the trial court finds that "one contemporaneous felonious criminal act involving a crime against a person was committed[.]" MCL 777.42(1)(d). A felonious criminal act is contemporaneous if "[t]he act occurred within 24 hours of the sentencing offense" and "[t]he act has not and will not result in a separate conviction." MCL 777.42(2)(a).

As with OV 9, the trial court scored OV 12 on the basis of information in the PSIR indicating that defendant assaulted Mazurowski immediately before assaulting TW. Defendant does not contest that the altercation with Mazurowski took place within 24 hours of the sentencing offense. Instead, he argues that that there is no evidence that the incident involving Mazurowski "will not result in a separate conviction" in the future. MCL 777.42(2)(a)(*ii*). We disagree. It appears that the domestic violence charge involving Mazurowski was dismissed because she refused to testify against defendant. The trial court found that Mazurowski was a "hostile witness" and that it was "unreasonable to expect that . . . charge would ever be brought back again." This is consistent with statements made by the prosecutor at defendant's sentencing, and with Mazurowski's statements in the PSIR that she would not be pressing charges against defendant. Therefore, a preponderance of the evidence supported the finding. *Hardy*, 494 Mich at 438. Accordingly, the trial court did not clearly err in concluding that defendant had not been and would not be convicted for the domestic violence altercation involving Mazurowski, MCL 777.42(2)(a), and in assessing five points for OV 12.

Defendant next challenges the assessment of 10 points for OV 10. OV 10 refers to a defendant's "exploitation of a vulnerable victim." MCL 777.40. An assessment of 10 points for the exploitation of a vulnerable victim is warranted when "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status[.]" MCL 777.40(1)(b). The statute defines "exploit" as "to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). A victim is "vulnerable" if it is readily apparent that he or she is susceptible to "injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c).

The trial court found that defendant "took advantage" of TW's youth and his domestic relationship and authority status over her. However, "[t]he mere existence" of youth, a domestic relationship with the defendant, or the defendant's authority status "does not automatically equate with victim vulnerability." MCL 777.40(2). Despite TW's youth, there was nothing to suggest that she was readily susceptible to injury or physical restraint. Indeed, TW willingly intervened in the altercation, which undermines a finding that she was a "vulnerable victim." Furthermore, there is no indication that defendant "exploited" TW for "selfish or unethical purposes" as required by the statute. MCL 777.40(3)(b). Rather, the uncontested evidence indicates that when TW intervened in defendant's altercation with Mazurowski in an attempt to come to her mother's aid, defendant simply reacted, without regard to whether the victim of his ire was young, subject to his authority, or otherwise vulnerable. Accordingly, we hold that the trial court clearly erred in assessing 10 points for OV 10. Because a score of zero points for OV 10 results in a decrease in his minimum sentencing guidelines range,[2] defendant is entitled to be resentenced. See *People v Francisco*, 474 Mich 82, 89-90; 711 NW2d 44 (2006) ("It would be

---

[2] Defendant's minimum sentencing guidelines range was calculated at 19 months to 38 months. With OV 10 properly scored at zero points, it reduces defendant's total OV score to 25 instead of 35 points. This lower OV score results in a new minimum sentencing range of 14 months to 29 months. See MCL 777.66.

in derogation of the law, and fundamentally unfair, to deny a defendant . . . the opportunity to be resentenced on the basis of accurate information.").

In light of our conclusion that defendant should be resentenced, we decline to address his claim that he was denied the effective assistance of counsel at sentencing. See *People v Phelps*, 288 Mich App 123, 142; 791 NW2d 732 (2010), overruled on other grounds by *Hardy*, 494 Mich at 438 n 18.

We vacate defendant's sentence and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel