*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

HAMIN LORENZO DIXON,

Defendant-Appellant.

FOR PUBLICATION
September 10, 2020
9:15 a.m.

No. 349631
Chippewa Circuit Court
LC No. 17-003294-FH

Before: REDFORD, P.J., and BECKERING and M. J. KELLY, JJ.

REDFORD, P.J.

Defendant appeals by delayed leave granted his sentence imposed by the trial court following acceptance of his guilty plea to attempted possession of a cell phone by a prisoner contrary to MCL 800.283a and MCL 750.92, in exchange for dismissal of the charge of prisoner in possession and a charge of fourth-offense habitual offender. The trial court sentenced defendant to 11 to 30 months' imprisonment to be served consecutively to the prison term he currently served. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

At his plea hearing, defendant admitted that, while incarcerated with the Department of Corrections (DOC) in prison in Chippewa County, on May 21, 2016, he attempted to possess a cell phone. He admitted that he understood that his conduct violated the prison rules and state laws. He pleaded guilty to attempted possession of a cell phone by a prisoner and the trial court accepted his plea.

The DOC prepared and submitted to the trial court a Presentence Investigation Report (PSIR) which explained that, while incarcerated, at approximately 12:09 a.m. on May 21, 2016, during routine rounds, prison staff found defendant in a bathroom in possession of a cell phone. Prison staff confiscated the cell phone, searched defendant's area of control, and found a cell phone charger. The PSIR reported that, during his incarceration, defendant incurred 22 major misconduct reports related to fighting, possession of a weapon, substance abuse, theft, and destruction of property. Defendant's criminal history included 14 felony convictions. The DOC recommended that the trial court assess defendant 25 points for Offense Variable (OV) 19 on the ground that his

conduct threatened the security of the penal institution because possession, use, and attempted use of a cell phone within the secure perimeter of a correctional facility put staff and inmates' lives in jeopardy and interfered with correctional administrators' ability to maintain institutional safety and security because unmonitored communication with outside persons could involve matters of escape, assault of prisoners and staff, and the introduction of contraband into the prison.

At defendant's sentencing hearing, the trial court asked defendant if he reviewed the PSIR, and defense counsel indicated that he had. The trial court gave defendant an opportunity to speak and defendant alluded to additional facts regarding the cell phone incident.

In this colloquy, defense counsel stated that defendant's cellmate indicated in an affidavit that the cell phone belonged to him. Defense counsel said that the cell phone had been found in close proximity to a bathroom stall occupied by defendant but not in his possession.

In response, relying on information in the PSIR, the prosecution responded that defendant had been the only person in the bathroom and he had the cell phone on his person when prison staff found it. The prosecution explained that the inmate who provided the affidavit was defendant's friend and cellmate serving a life sentence and he came forward a year and a half later to say he gave defendant the cell phone and defendant did not want to have it. The prosecution stated that, based on the information, he agreed to make the plea offer. The prosecution, however, argued that possession of a cell phone jeopardized the safety of the prison and prisoners and constituted a breach of the security of the facility. The prosecution also advised the trial court of defendant's criminal history and his misconduct during his incarceration. Defense counsel advocated for sentencing defendant in the middle of the guidelines range and the trial court agreed to sentence defendant to a minimum sentence of 11 months with a maximum of 30 months to be served consecutively to his current prison sentence.

Defendant later moved to correct an invalid sentence on the ground that the trial court improperly scored OV 19. At the hearing, defendant argued that defendant's plea to commission of the crime of attempted possession of a cell phone did not justify the assessment of 25 points for OV 19 which is scored under circumstances where a defendant's conduct threatened the security of a penal institution. He asserted that no evidence established that he actually used the cell phone, talked to anyone, or that it even worked. He explained that during allocution at sentencing he expressed that he did not want the cell phone and an inmate came forward later and provided an affidavit that clarified that the cell phone did not belong to defendant. Defendant asserted that the prosecution agreed to dismiss the possession charge which indicated that it did not view defendant's conduct as a threat to the security of the penal institution. Defendant contended that no evidence established that he used the cell phone to plan an escape or smuggling in contraband. Defendant essentially argued that more criminality had to be established to warrant assessment of 25 points for OV 19, and therefore, requested rescoring OV 19 at zero and to be resentenced.

The prosecution argued that the Legislature made it a criminal offense for a prisoner to have a cell phone while incarcerated because such conduct threatened the security and safety of prisons. The prosecution explained that inmate phone calls were monitored and recorded for the safety of the prison, and unauthorized cell phone communication with the outside world interfered with the maintenance of the security of the prison. Further, cell phones were used as currency for

illicit drug deals in prison and violence occurred because of the presence of cell phones in prisons. The prosecution argued that the offense warranted assessment of 25 points for OV 19.

At the end of the motion hearing after having the benefit of both counsels' arguments and considering the entire record, the trial court stated:

> *The Court*: Thank you, Mr. Stratton [the prosecutor].
>
> *The Court*: Well, in this set of circumstances, I agree, Mr. Stratton. I don't know under what set of circumstances a prisoner possessing a cell phone whether the cell phone works, appears to work, doesn't work cannot threaten the institution and the safety of the institution of the Michigan Department of Corrections. I don't know under what set of circumstances that wouldn't.
>
> Because that in and of itself device can be used or could be used to cause serious harm to not only other inmates but set somebody up for all sorts of problems by just possessing it. So I don't quite understand what set of circumstances that wouldn't threaten the safety, as would a weapon. I think they're synonymous in the sense that I think that those two items, narcotics there's a gray area there, but I think a weapon and a cell phone definitely by their nature threaten the institution.
>
> At least a cell phone for sure threatens the institution and safety of the Michigan Department of Corrections just by possessing it because it's clearly prohibited . . . . I believe it was scored correctly.

The trial court, therefore, concluded that OV 19 had been correctly scored and denied defendant's motion. Defendant now appeals.

## II. STANDARD OF REVIEW

We review for clear error the trial court's factual determinations used for sentencing under the sentencing guidelines, and such facts must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). We review de novo the trial court's application of the facts to the law. *Id.* We review de novo the trial court's interpretation and application of the statutory sentencing guidelines. *People v Jackson*, 487 Mich 783, 789; 790 NW2d 340 (2010). A trial court's factual determination will be found clearly erroneous only if it leaves us with a definite and firm conviction that the trial court made a mistake. *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014).

## III. ANALYSIS

When calculating the sentencing guidelines scores, a sentencing court may consider all evidence in the record including the contents of a PSIR and plea admissions. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). A PSIR "is presumed to be accurate and may be relied on by the trial court unless effectively challenged by the defendant." *People v Callon*, 256 Mich App 312, 334; 662 NW2d 501 (2003). A trial court may draw inferences from objective evidence when sentencing the defendant. *People v Petri*, 279 Mich App 407, 422; 760 NW2d 882 (2008).

OV 19 must be scored for all felony offenses. MCL 777.22. OV 19 applies when a defendant's conduct posed a threat to the security of a penal institution or court or interfered with the administration of justice. MCL 777.49 in relevant part defines OV 19 scoring as follows:

> Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services. Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

> (a) The offender by his or her conduct threatened the security of a penal institution or court …………………………………………………….......25 points.

The plain language of MCL 777.49(a) requires assessment of 25 points where an offender's "conduct threatened the security of a penal institution." In this case, defendant pleaded guilty to the attempted possession of a cell phone while incarcerated in a correctional facility. The record reveals that prison staff found defendant in a bathroom in possession of a cellular telephone and later discovered a cell phone charger located in his area of control. In *People v Dickinson*, 321 Mich App 1, 23-24; 909 NW2d 24 (2017), this Court explained that

> [b]ringing a controlled substance like heroin into a prison and delivering it to a prisoner in violation of MCL 800.281(1) inherently puts the security of the penal institution at risk. Our Legislature has specifically criminalized such conduct because of the seriousness of the problem of drugs in our state's penal institutions and the way in which illicit drug use interferes with the administration of justice in those institutions. Defendant's delivery of an unquestionably dangerous drug like heroin into the confines of the prison threatened the safety and security of both the guards and the prisoners and, therefore, threatened the security of a penal institution.

This Court further explained that the plain language of MCL 777.49 "does not limit the assessment of 25 points for OV 19 to offenders who *smuggled weapons or other mechanical destructive devices* into a prison." *Id*. at 24 (emphasis added). The Legislature's criminalization of cell phone possession indicates that prisoners shall not have cell phones within a penal institution because of the inherent dangers posed by the presence of and unmonitored use of a cell phone within the confines of a penal institution. It is axiomatic that a prisoner's possession of contraband like a cell phone threatens the safety and security of the prison staff and prisoners because of the numerous ways in which a prisoner may use such a device for illicit purposes, with prison staff left without a means of intercepting such unmonitored communications to prevent violation of prison rules and the commission of serious crimes. A prisoner should not have the ability to engage freely in unmonitored conversations with persons outside of the penal institution because such conduct places correctional facility administrators and staff at a serious disadvantage regarding the maintenance of institutional safety and security if prisoners can engage in communicating with persons regarding escape, assault of prison staff or other prisoners, witness intimidation, procurement and delivery of contraband into the prison, and a myriad of other criminal activities affecting the safety and security of penal institutions.

We hold that a prisoner's possession or attempted possession of a cell phone within the confines of a penal institution threatens the security of the penal institution; and if found guilty of such offenses, a trial court may properly assess 25 points for OV 19.

The trial court in this case correctly relied on the information within the PSIR, a preponderance of the evidence in the record, and drew reasonable inferences from the facts that supported its assessment of 25 points for OV 19. The trial court properly interpreted and applied MCL 777.49(a). Defendant's conduct warranted assessment of 25 points for OV 19, and therefore, he is not entitled to resentencing.

Affirmed.

/s/ James Robert Redford
/s/ Jane M. Beckering
/s/ Michael J. Kelly