*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT CECIL BURR II,

Defendant-Appellant.

UNPUBLISHED
April 15, 2021

No. 351778
Ogemaw Circuit Court
LC No. 15-004517-FH

Before: SHAPIRO, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his June 5, 2019 amended judgment of sentence related to his plea of no contest to the commission of second-degree arson, MCL 750.73(1) (willful or malicious burning of a dwelling). The circuit court originally sentenced defendant to 13 to 20 years' imprisonment—an upward departure from the guidelines range. On January 6, 2016, the court resentenced defendant to 10 to 20 years' imprisonment. Because of a sentencing guidelines scoring error, the court resentenced defendant again on March 22, 2017, but imposed the same sentence of 10 to 20 years' imprisonment which exceeded the recalculated guidelines range. This Court vacated that sentence and remanded because the trial court erred by imposing a departure sentence without allowing defendant the opportunity to withdraw his plea.[2] On June 5, 2019, the court sentenced defendant to serve 95 months to 20 years' imprisonment, with credit for 1,492 days served. In this appeal, defendant challenges the assessment of 10 points for Offense Variable (OV) 4, which is scored for all felony offenses (MCL 777.22) resulting in serious psychological injury to a victim (MCL 777.34). We affirm.

---

[1] *People v Burr*, unpublished order of the Court of Appeals, entered March 31, 2020 (Docket No. 351778) (MAPPIS Event 20).

[2] *People v Burr*, unpublished per curiam opinion of the Court of Appeals, issued March 21, 2019 (Docket No. 340195).

# I.  FACTUAL BACKGROUND

On February 28, 2015, defendant set fire to George and Terri Clauss's home and the fire spread to two unoccupied houses next door.  George and Terry had reared their children in the home.  Stacy Clauss, their daughter, lived in the Clauss family home with her five-year-old son, his cat, the Clauss family dog, and Stacy's boyfriend, Paul Esch.  Stacy and Paul were sleeping upstairs when the fire broke out and they barely escaped.  The family pets, however, died in the fire.  About two years before the arsons, Stacy ended her relationship with defendant but he continually sought to rekindle the romance.  Stacy's intimacy with Esch ignited defendant's anger so he lit the Clauss family home on fire resulting in its total destruction and the spread to the neighboring houses, severely damaging them.

This Court recounted the procedural history in its previous opinion, *People v Burr*, unpublished per curiam opinion of the Court of Appeals, issued March 21, 2019 (Docket No. 340195):

> In September 2015, Burr pleaded no contest to one count of second-degree arson.  In exchange for his plea, the prosecutor (1) amended the charge from first-degree arson to second-degree arson, (2) dismissed the habitual offender notice, and (3) dismissed a charge in a different case.  Furthermore, the prosecutor and Burr also "agreed that his sentencing guidelines for this offense that he's pleading to are 78 to 130, and that he will be sentenced within those guidelines."
>
> On November 4, 2015, the trial court departed upward from the minimum sentencing guidelines range and sentenced Burr to serve 13 to 20 years for the offense.  Burr moved for resentencing, contending that his plea agreement entitled him to be resentenced within the sentencing guidelines range or to be given the opportunity to withdraw his plea in light of the court's intention to impose a sentence outside the guidelines range.  The prosecutor did not oppose resentencing and informed the court that the agreement was that Burr was to be sentenced within the guidelines range.  The trial court stated that it would "go along with the plea agreement," and it resentenced Burr to 10 to 20 years, which was a sentence within the guidelines range.
>
> Subsequently, Burr filed a motion for relief from judgment under MCR 6.502.  The court granted the motion in part in order to correct an error in scoring offense variable (OV) 17.  The prosecutor conceded that OV 17 was improperly scored.  Due to the change in scoring, Burr's minimum sentencing guidelines range lowered to 57 to 95 months.  Burr, representing himself, requested that he be permitted to withdraw his plea.  The court, however, did not provide him with an opportunity to withdraw his plea.  Instead, the court proceeded with resentencing. In doing so, the court noted that the sentencing guidelines were advisory and that any sentence imposed had to satisfy the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).  The court reasoned that, under the circumstances, in order to impose a reasonable and proportionate sentence the court had to depart from the guidelines range.  Accordingly, the court resentenced Burr to 120 months to 20 years.  Burr objected, again noting that there

was a plea agreement providing that he would be sentenced within a correctly scored guidelines range. He requested to be either sentenced within the corrected guidelines range of 57 to 95 months or to be allowed to withdraw his plea. The court responded that "[t]here was no *Killebrew*[3] plea on the record in this case that I read," and declined to amend its sentencing decision further. In a later proceeding, the court acknowledged that there was a plea agreement, but it concluded that in the agreement Burr consented to be sentenced to 78 to 120 months. The court, therefore, reasoned that although it departed upward from the corrected guidelines range, it still imposed a sentence contemplated by the plea bargain so it did not have to give Burr an opportunity to withdraw his plea. [*Burr*, unpub op at 1-2.]

Defendant appealed his March 2017 resentencing. *Burr*, unpub op at 1. He argued that the trial court erred by imposing a departure sentence without giving him the opportunity to withdraw his plea. *Id*. at 2. This Court agreed, and vacated defendant's sentence and remanded for resentencing. *Id*. at 4.

On remand, the court resentenced defendant to 95 months to 20 years' imprisonment. Defendant filed an application for leave to appeal which this Court granted on March 31, 2020. *People v Burr*, unpublished order of the Michigan Court of Appeals, entered March 31, 2020 (Docket No. 351778).

## II. STANDARD OF REVIEW

We review de novo the trial court's interpretation and application of the legislative sentencing guidelines. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016). We review for clear error the trial court's factual determinations which must be supported by a preponderance of the evidence. *Id*. Clear error occurs "when the reviewing court is left with a definite and firm conviction that an error occurred." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (quotation marks and citation omitted). A court may consider "all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination," when calculating the sentencing guidelines. *Id*. (citation omitted).

## III. ANALYSIS

Defendant argues that the sentencing court erred by assessing 10 points for OV 4 on two grounds: (1) that the record lacked sufficient evidence to establish that a victim of the sentencing offense suffered serious psychological injury, and (2) that Terri did not constitute a "victim" for the purposes of OV 4 because she is only a family member of a victim. We disagree with both claims of error.

When calculating the sentencing guidelines range, a trial court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a

---

[3] *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982).

preliminary examination. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). Under MCL 780.764,

> The victim has the right to submit or make a written or oral impact statement to the probation officer for use by that officer in preparing a presentence investigation report concerning the defendant pursuant to section 14 of chapter XI of the code of criminal procedure, 1927 PA 175, MCL 771.14. A victim's written statement shall upon the victim's request, be included in the presentence investigation report.

A PSIR "is presumed to be accurate and may be relied on by the trial court unless effectively challenged by the defendant." *People v Callon*, 256 Mich App 312, 334; 662 NW2d 501 (2003).

OV 4 addresses psychological injury to a victim. MCL 777.34(1). Ten points are assessed when "[s]erious psychological injury requiring professional treatment occurred to a victim . . . ." MCL 777.34(1)(a). For the purposes of OV 4, "serious" means "having important or dangerous possible consequence[s]." See *People v Wellman*, 320 Mich App 603, 610; 910 NW2d 304 (2017) (alteration in original; quotation marks and citation omitted). The fact that a victim has not sought professional treatment is not conclusive in determining whether points were properly assessed for OV 4. MCL 777.34(2); *People v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012). However, "[t]here must be some evidence of psychological injury on the record to justify a 10-point score." *Id*. (citation omitted). A trial court may not assume a psychological injury occurred simply because a person in the victim's circumstances would have suffered a serious psychological injury. *People v White*, 501 Mich 160, 163; 905 NW2d 228 (2017). In *Wellman*, 320 Mich at 609, however, this Court recognized that it previously held that "a victim's 'statements about feeling angry, hurt, violated, and frightened' supports a score of 10 points for OV 4."

In this case, the sentencing court assessed defendant 10 points for OV 4. At defendant's resentencing hearing, the trial court considered defendant's PSIR which included Terri's and George's victim-impact statements. The court found that George and Terri, although not present at the time of the fire, as owners of the home that burned had a vested interest in the property and experienced significant loss as a result of its destruction. The court observed that, although Terri had not yet sought medical or psychological treatment, she expressed in her victim statement how seriously she had been psychologically and emotionally impacted as a result of loss of her family home and her family dog which expired in the fire. The court found that George also expressed emotional impact in his victim-impact statement, albeit not to the degree that Terri had. Based on the victim-impact statements, the trial court assessed defendant 10 points for OV 4.

Analysis of Terri's victim-impact statement supports the sentencing court's OV 4 scoring decision. Terri declared ongoing grief over the loss of her property, the home in which she reared her children. She further expressed grief and loss over the Clauss family dog's death which caused her to cry every time she thought of the horrible way he died. She also lamented the total destruction of the family home and its contents of family photos and personal belongings. She stated that the incident broke her heart. The sorrow, depression, personal violation, and severe loss expressed in her victim-impact statement is palpable. A preponderance of the evidence, therefore, supported the trial court's factual finding and assessment of 10 points for OV 4.

Defendant has failed to establish that insufficient evidence supported the sentencing court's decision or that it committed clear error.

Defendant argues that Stacy alone constituted the victim in this case, not Terri, and that the sentencing court could not assess points for OV 4 based on Terri as a victim. We disagree.

The crime of second-degree arson in violation of MCL 750.73(1) concerns the willful or malicious burning of a dwelling. Thus, the arson to which defendant pleaded is a crime against property. Ten points may be assessed for OV 4 where the crime against property caused serious psychological injury to a victim. MCL 777.34(1)(a). In this case, defendant destroyed by fire George and Terri's family home, their family dog, and all of their family belongings within the dwelling, and nearly killed their daughter and grandson. Terri made abundantly clear in her victim-impact statement the emotionally devastating impact of her loss of her personal property as a result of defendant's crime. We are not persuaded that only Stacy constituted a victim for purposes of OV 4 scoring. The facts establish quite the contrary. Accordingly, the trial court properly found that Terri constituted a victim for purposes of assessing points for OV 4. Therefore, defendant is not entitled to resentencing.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Mark J. Cavanagh
/s/ James Robert Redford