*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DERRIUS LAMAR THURMOND,

Defendant-Appellant.

UNPUBLISHED
May 29, 2025
11:59 AM

No. 370911
Washtenaw Circuit Court
LC No. 18-000695-FH

Before: PATEL, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

A jury convicted defendant of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b), and human trafficking, MCL 750.462b.[1] The trial court resentenced defendant to serve concurrent sentences of 58 months to 15 years in prison for the CSC-III conviction and 36 months to 10 years in prison for the human-trafficking conviction. Defendant appeals as of right, arguing that he is entitled to be resentenced because the court erroneously scored Offense Variable (OV) 10, MCL 777.40, and OV 19, MCL 777.49, of the sentencing guidelines. We affirm.

## I. BACKGROUND

In defendant's previous appeal, this Court recounted the factual background regarding the convictions as follows:

The charged offenses involve a single victim, EC. The prosecution argued that defendant recruited EC to engage in prostitution after they began dating in February or March 2018. Police became involved on July 20, 2018, when they stopped a witness, TK, as he was leaving a Motel 6 in Washtenaw County. TK told

---

[1] The jury also convicted defendant of inducing another person to become a prostitute (i.e., "pandering"), MCL 750.455(b), but that conviction was vacated. *People v Thurmond*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361302); slip op at 2-4.

-1-

the police that he had arranged to meet a prostitute at the motel. He went to the room and gave a woman $200, but left almost immediately. Acting on this information, the police went to the motel room and found EC and another woman, ML, in the room. Officers saw a pair of men's shoes in the room, which prompted them to check the bathroom where they found defendant hiding in the bathtub. The police arrested defendant and took the two women into custody. Neither woman was charged.

At trial, EC explained that she was at a low point in her life when she met defendant and that she had a small child to care for. She explained that defendant had encouraged her to engage in prostitution by promising that he would help her buy a house and a car. EC admitted that she had prostituted herself in Jackson County a few months before the charged activity in Washtenaw County, and she had engaged in prostitution on other occasions at defendant's request. The day EC met with TK, defendant sent a taxicab to pick her up under the ruse of celebrating her birthday at the Motel 6. When she arrived, EC discovered that defendant had made arrangements for her to have sex with TK in exchange for money. EC also testified that defendant had physically and sexually assaulted her on two separate occasions prior to the charged offense in this case. Finally, the prosecution presented testimony from other witnesses who similarly described defendant's recruitment and mistreatment of other women. Defendant was convicted and sentenced . . . . [*People v Thurmond*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361302); slip op at 1-2.]

Defendant was sentenced to concurrent prison terms of 72 months to 20 years for his pandering conviction, 57 months to 15 years for his CSC-III conviction, and 19 months to 10 years for his human-trafficking conviction. Defendant appealed his convictions. This Court affirmed defendant's CSC-III and human-trafficking convictions, but vacated his conviction and sentence for pandering. *Id*. at ___; slip op at 2-4. Following a resentencing hearing, the trial court sentenced defendant as indicated. Defendant now appeals.

## II. ANALYSIS

Defendant argues that he is entitled to resentencing because the trial court improperly scored OVs 10 and 19. We disagree.

## A. STANDARD OF REVIEW

Under the sentencing guidelines, a trial court's factual findings "are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (quotation marks and citation omitted). "A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the

application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* (quotation marks and citation omitted).

## B. OV 10

Defendant argues the trial court erroneously assessed a 15-point score for OV 10 on the CSC-III conviction.[2] We disagree.

OV 10 addresses exploitation of a vulnerable victim. A score of 15 points is appropriate if predatory conduct was involved. MCL 777.40(1)(a). " 'Predatory conduct' means preoffense conduct directed at a victim . . . for the primary purpose of victimization." MCL 777.40(3)(a). In *People v Cannon*, 481 Mich 152, 161-162; 749 NW2d 257 (2008), our Supreme Court stated that OV 10 is properly scored at 15 points when the following inquiries are answered in the affirmative:

(1) Did the offender engage in conduct before the commission of the offense?

(2) Was this conduct directed at one or more specific victims who suffered from a readily apparent susceptibility to injury, physical restraint, persuasion, or temptation?

(3) Was victimization the offender's primary purpose for engaging in the preoffense conduct?

"Predatory conduct" is behavior that is "predatory in nature, e.g., lying in wait and stalking," that "precedes the offense, and is directed at a person for the primary purpose of causing that person to suffer from an injurious action." *People v Huston*, 489 Mich 451, 462, 463; 802 NW2d 261 (2011) (cleaned up). This includes conduct that "created or enhanced" a victim's vulnerability by gaining a victim's trust, and exploiting that trust to create an opportunity for sexual aggression. *People v Barnes*, 332 Mich App 494, 503-504; 957 NW2d 62 (2020). And preoffense conduct of waiting for an opportunity to be alone with a victim in an isolated location is sufficient to constitute predatory conduct. *People v Witherspoon*, 257 Mich App 329, 336; 670 NW2d 434 (2003).

Defendant concedes that he forced EC to have sex with him by using his size and strength, which would support a 5-point score for OV 10 on the CSC-III conviction. But defendant contends that the evidence does not support a 15-point score. The evidence presented at trial reflected that defendant spent months cultivating a complicated sexual relationship with EC in which he manipulated her into prostitution and then controlled the money that she earned. On the day of the sexual assault that formed the basis for defendant's CSC-III conviction, EC called defendant to ask for money that she needed for her young child. Defendant told her that he would give her the money if she came to his motel room. EC arrived, and defendant told her that he wanted to have

---

[2] Defendant does not challenge the 15-point assessment for the human-trafficking conviction.

sex. When EC said no, defendant forced her onto the bed, put his hand around her throat, and sexually assaulted her. She left when he was in the bathroom, without the money that he had promised. The trial court found that evidence of defendant's preexisting relationship with EC and his preoffense conduct on the date of the incident supported a 15-point assessment for the CSC-III conviction. We find no error in the court's scoring of OV 10.

B. OV 19

Defendant next argues that the trial court erred by assessing 10 points for OV 19. We disagree.

OV 19 applies if there was a "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. The sentencing court must assess 10 points for OV 19 if the offender "interfered with or attempted to interfere with the administration of justice . . . ." MCL 777.49(c). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). "Interference with the administration of justice encompasses more than just the actual judicial process, and the conduct need not necessarily rise to the level of a chargeable offense or constitute obstruction of justice." *People v Teike*, 348 Mich App 520, 533; ___ NW3d ___ (2023) (cleaned up). "A trial court may properly assess points for OV 19 on the basis of a defendant's conduct after completing the sentencing offense." *Id*.

In this case, the trial court assessed 10 points for OV 19 on the basis that defendant hid in the shower of his motel room "during a serious investigation" when he knew that "the police were on the other side of that bathroom door" and that police had come to the room to look for defendant. Defendant asserts that he was not hiding from police when they entered his motel room; rather, he claims he was still hiding from EC's prostitution client, who had just left. Defendant further contends that his conduct of remaining in the shower while police were in his motel room did not constitute an attempt to interfere with the administration of justice because he had a constitutional right to remain silent. However, there was evidence that defendant left the bathroom after the prostitution client exited the hotel room and, when the police arrived a short time later, defendant returned to the bathroom to hide in the shower. As this Court observed in *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016), "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." "Hiding from the police constitute[s] an interference with the administration of justice because it [is] done for

the purpose of hindering or hampering the police investigation." *People v Smith*, 318 Mich App 281, 286; 897 NW2d 743 (2016). The trial court did not clearly err when it assigned 10 points for OV 19.[3]

    Affirmed.


                                            /s/ Sima G. Patel
                                            /s/ Mark T. Boonstra
                                            /s/ Thomas C. Cameron

---

[3] Defendant also argues on appeal that "picking up another case while on bond" did not interfere with the administration of justice in this case. However, the trial court's articulated basis for the 10-point score for OV 19 was defendant's act of hiding from police, not the fact that defendant incurred a new charge. And, as discussed, the trial court's assessment was not erroneous.