*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee/Cross-Appellant,

v

JOHN CLINT BURCH,

        Defendant-Appellant/Cross-Appellee.

UNPUBLISHED
May 11, 2026
2:52 PM

No. 368192
Clinton Circuit Court
LC No. 2021-011034-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JOHN CLINT BURCH,

        Defendant-Appellee.

No. 374419
Clinton Circuit Court
LC No. 2021-011034-FC

Before: KOROBKIN, P.J., and RIORDAN and MARIANI, JJ.

PER CURIAM.

Defendant, John Clint Burch, was convicted following a jury trial on two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b)(*i*) (victim at least 13 but less than 16 years old and actor is member of same household). He appeals by right, contending that he received ineffective assistance of counsel when his trial counsel did not object to the admission of hearsay testimony. The prosecution, meanwhile, appeals defendant's amended judgment of sentence, arguing that defendant should have been assessed 50 points under offense variable (OV) 11, MCL 777.41 (criminal sexual penetration), and that the trial court erred in concluding that it

-1-

was not authorized to impose consecutive sentences.[1]  For the reasons set forth in this opinion, we affirm.

## I.  BACKGROUND AND FACTS

Defendant is the victim's stepfather and was living with the victim when defendant began sexually assaulting the victim.  The assaults occurred in defendant's bedroom and involved penile-vaginal penetration and digital-vaginal penetration.  The victim, who testified at trial, reported the sexual assaults to a counselor, and Children's Protective Services (CPS) then became involved.  CPS contacted the police, who interviewed defendant twice.  Initially, defendant denied the allegations; but in a second police interview, defendant admitted that he had penile-vaginal sexual intercourse with the victim and signed a confession stating that he "had penis to vaginal sex with [the victim] between 2-5 times" in his bedroom.  The victim was examined by Dr. Stephen Guertin, who took the victim's medical history and conducted a physical examination.  Dr. Guertin's report summarizing the examination results was admitted into evidence.  During the trial, Dr. Guertin testified about those results, including statements the victim made to Dr. Guertin about defendant.

A jury convicted defendant of two counts of CSC-I and the trial court initially sentenced defendant to two consecutive sentences of 225 months to 40 years' imprisonment.  Defendant subsequently filed a motion for new trial and to correct an invalid sentence.  Defendant argued, in pertinent part, that he was deprived of the effective assistance of counsel when his trial counsel failed to object to Dr. Guertin's testimony as inadmissible hearsay.  Defendant also argued that he was entitled to be resentenced because 50 points were incorrectly assessed under OV 11, MCL 777.41 (criminal sexual penetration), and because the trial court lacked authority to impose consecutive sentences.

The trial court held a *Ginther*[2] hearing on defendant's ineffective-assistance-of-counsel claim.  Defendant's trial counsel testified that defendant had "demanded that [his trial counsel] introduce Dr. Guertin's evidence at this trial.  It was not a close call."  In particular, trial counsel testified that defendant believed his defense would be helped, not harmed, by statements the victim made to Dr. Guertin indicating that the victim did not experience certain physical indications of sexual penetration at the time of the conduct, combined with Dr. Guertin's observations during his examination.  Trial counsel further testified that defendant's "whole case was based upon Dr. Guertin's testimony and admitting Dr. Guertin's report."  Trial counsel also explained that he believed the victim's statements were not hearsay because they were made for medical purposes and that whether the testimony was improper hearsay "was not an issue with" defendant.  Trial counsel additionally stated that he did not have any opinion on the admissibility of Dr. Guertin's report and testimony because defendant "was adamant" in wanting them admitted.  The trial court ultimately held that Dr. Guertin's testimony as to what the victim reported during the examination

---

[1] The prosecution also filed a cross-appeal.  Because the prosecution's appeal and cross-appeal raise the same issues, we will not address them separately in this opinion.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

constituted inadmissible hearsay, but that defendant was not prejudiced given defendant's signed confession and because the victim's testimony was consistent with Dr. Guertin's testimony.

Regarding defendant's challenge to his sentence, the trial court agreed with defendant that OV 11 was incorrectly assessed at 50 points and that consecutive sentencing was improper, reasoning that given "the lack of specificity and the lack of clear dates and times and instances of when the sexual acts occurred[,]" there was insufficient evidence to allow the court to conclude "that these acts occurred out of the same transaction." The trial court therefore scheduled a hearing to resentence defendant. Defendant's updated presentence investigation report assessed 0 points for OV 11 and calculated defendant's minimum sentencing guidelines range to be 81 to 135 months' imprisonment. The trial court resentenced defendant to a minimum of 120 months' imprisonment for each CSC-I conviction, to be served concurrently.

Both parties now appeal. Defendant challenges the trial court's ruling on his ineffective-assistance-of-counsel claim and the prosecution challenges the changes made to defendant's sentence.

## II. ANALYSIS

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that he is entitled to a new trial due to ineffective assistance of counsel. We disagree.

"A claim of ineffective assistance of counsel presents a mixed question of law and fact." *People v Jones*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 362854); slip op at 9. We review a trial court's findings of fact for clear error and "the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id*. (quotation marks and citation omitted).

The United States and Michigan Constitutions guarantee criminal defendants the right to effective assistance of counsel. *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023), citing Const 1963, art 1, § 20, US Const, Am VI, and *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "To establish a claim of ineffective assistance of counsel a defendant must show [1] that counsel's performance was deficient and [2] that counsel's deficient performance prejudiced the defense." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010). Put another way, "to obtain a new trial because of ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that th[e] outcome would have been different." *Yeager*, 511 Mich at 488 (quotation marks and citation omitted). Our Supreme Court has explained that a reasonable probability that the outcome would have been different "is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citation omitted). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 US at 697.

In this case, the prejudice prong of the ineffective-assistance inquiry is dispositive. Defendant argues that his trial counsel performed deficiently by failing to object to Dr. Guertin's hearsay testimony about what the victim stated during Dr. Guertin's examination. But even if counsel performed deficiently, defendant had not demonstrated that there is a reasonable probability that the outcome of defendant's trial would have been different.

Two features of this case drive our analysis. First, the victim's testimony about the assaults was corroborated by defendant's signed confession. And "[a] confession is like no other evidence. Indeed, 'the defendant's own confession is probably the most probative and damaging evidence that can be admitted against him. . . . [T]he admissions of a defendant come from the actor himself, the most knowledgeable and unimpeachable source of information about his past conduct.' " *Arizona v Fulminante*, 499 US 279, 296; 111 S Ct 1246; 113 L Ed 2d 302 (1991) (citation omitted; alterations in original). Therefore, even if counsel had objected to Dr. Guertin's hearsay testimony and the trial court had refused to admit the testimony into evidence, it is unlikely the jury would have reached a different verdict in light of the great weight carried by defendant's confession to the same allegations to which the victim testified. Thus, any error or deficiency by defendant's trial counsel in failing to object to the admission of Dr. Guertin's testimony is "[in]sufficient to undermine confidence in the outcome." *Yeager*, 511 Mich at 488.

Second, trial counsel repeatedly testified at the *Ginther* hearing that defendant personally and adamantly insisted that Dr. Guertin's report and testimony come into evidence so that trial counsel could cross-examine Dr. Guertin regarding the victim's allegations in a manner designed to elicit doubt as to defendant's guilt. Arguably, if the evidence could have been excluded on hearsay grounds, then trial counsel had an obligation to at least inform and advise defendant of that option. But there is no record evidence that, had trial counsel done so, defendant would have supported an objection to the hearsay testimony rather than continuing to demand that it come into evidence. "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). Yet defendant did not testify at the *Ginther* hearing (other than to waive attorney-client privilege) or submit an affidavit in support of his motion for new trial, and trial counsel's testimony that defendant was "adamant" about the evidence coming in went unrefuted. Thus, again, even if trial counsel performed deficiently, defendant has not demonstrated that but for such deficiency there is a reasonable probability that the outcome of the trial would have been different. See *Yeager*, 511 Mich at 488; *Douglas*, 496 Mich at 598. We therefore need not opine on the alleged deficiency of counsel's performance and conclude that defendant's ineffective-assistance-of-counsel claim is without merit. See *Strickland*, 466 US at 697.

## B. SENTENCING

### 1. OV 11

The prosecution contends that the trial court erred in assessing defendant 0, rather than 50, points under OV 11. We disagree.

"This Court reviews for clear error a trial court's findings in support of a particular score under the sentencing guidelines but reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v Teike*, 348 Mich App 520, 525;

19 NW3d 733 (2023) (quotation marks and citation omitted). "Clear error exists when this Court is left with a definite and firm conviction that a mistake was made." *Id.* at 526 (quotation marks and citation omitted). "A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). "Under the sentencing guidelines, the circuit court's factual determinations must be supported by a preponderance of the evidence." *Teike*, 348 Mich App at 526 (cleaned up).

MCL 777.41 provides, in relevant part, that a defendant should be assessed 50 points under OV 11 when "[t]wo or more criminal sexual penetrations occurred" and 0 points when "[n]o criminal sexual penetration occurred." MCL 777.41(1)(a) and (c). "Vaginal penetration, fellatio, and cunnilingus are considered separate sexual penetrations when scoring OV 11 under MCL 777.41." *Johnson*, 298 Mich App at 132. MCL 777.41 further mandates the "[s]cor[ing] [of] all sexual penetrations of the victim by the offender arising out of the sentencing offense" and that "the 1 penetration that forms the basis of a first- . . . degree criminal sexual conduct offense" not be included in the defendant's OV 11 score. MCL 777.41(2)(a) and (c). "The Michigan Supreme Court has defined 'arising out of,' as used in MCL 777.41, as something that springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen." *Johnson*, 298 Mich App at 132 (quotation marks and citation omitted). "[T]his requires that there be such a relationship between the penetrations at issue and the sentencing offenses." *People v Johnson*, 474 Mich 96, 101; 712 NW2d 703 (2006).

In the present case, the prosecution argues that defendant should have been assessed 50 points under OV 11 because "it is more likely than not" that the other acts of penetration on which evidence was presented "occurred during the acts of sexual intercourse forming the basis of the charged offenses." We are not persuaded. Although the victim did testify that there were "two or three" instances of penile-vaginal penetration and that there was digital penetration, we find no clear error in the trial court's determination that a preponderance of the evidence did not show that two or more additional penetrations "arose out of" either of defendant's sentencing offenses. The victim was unable to recall any specific incidents of abuse nor the exact number of assaults, and the victim gave only a general time frame and described what time of day and where the assaults occurred. Defendant's confession did not provide more details beyond him having penile-vaginal sex with the victim "between 2-5 times," and the interviewing detective's testimony did not provide further details. Given the lack of evidence establishing a connective relationship between defendant's additional criminal sexual penetrations and the sentencing offenses, the trial court properly assessed defendant 0 points under OV 11. See *Johnson*, 298 Mich App at 130, 132.

## 2. CONSECUTIVE SENTENCING

The prosecution additionally argues that the trial court erred in finding that there was an insufficient factual basis to authorize a consecutive sentence, and thus remand is warranted to allow the trial court to reinstate a consecutive sentence in its discretion. Again, we disagree.

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Johnson*, 350 Mich App 560, 568;

___ NW3d ___ (2024) (Docket No. 362236) (quotation marks and citation omitted). "Whether a consecutive sentence may be imposed is a question of statutory interpretation that we review de novo." *People v Parker*, 319 Mich App 410, 414; 901 NW2d 632 (2017). "A sentencing court's underlying factual findings in support of a sentence are reviewed for clear error." *People v Taylor*, 510 Mich 112, 128; 987 NW2d 132 (2022). If the facts and the law allow a trial court to choose between concurrent and consecutive sentencing, we review a trial court's decision for abuse of discretion. See *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Wiley*, 324 Mich App 130, 165; 919 NW2d 802 (2018).

"MCL 750.520b(3) provides that when a defendant is convicted of a charge of CSC-I, the trial court may order [the] term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." *People v Bailey*, 310 Mich App 703, 723; 873 NW2d 855 (2015) (quotation marks omitted; alterations in original). "[A]n ongoing course of sexually abusive conduct involving episodes of assault does not in and of itself render the crimes part of the same transaction." *Id.* at 725. "For multiple penetrations to be considered as part of the same transaction, they must be part of a continuous time sequence, not merely part of a continuous course of conduct." *Id.* (quotation marks and citations omitted). Penetrations that "immediately follow[]" each other are part of a continuous time sequence. See *People v Ryan*, 295 Mich App 388, 403; 819 NW2d 55 (2012).

As observed with respect to the trial court's assessment under OV 11, although there was evidence of penetration in this case, the victim did not recount specific instances of penetration and testified only regarding the general timeline and the times of day when the assaults occurred. There was thus no clear error in the trial court's finding a lack of evidence that the multiple penetrations occurred immediately following one another so as to be part of a continuous time sequence and accordingly the same transaction. See *id.*; *Bailey*, 310 Mich App at 725. Having made such a finding, the trial court was legally correct in concluding that it therefore did not have authority, and thus no discretion, to impose consecutive sentences. *Johnson*, 350 Mich App at 568; *Bailey*, 310 Mich App at 726. So it necessarily did not err or abuse its discretion by imposing concurrent sentences.

III. CONCLUSION

Because defendant has not established that his trial counsel's allegedly deficient performance prejudiced defendant, defendant is not entitled to a new trial. And because the trial court did not clearly err in finding that the evidence supported assessing defendant 0 points under OV 11 and sentencing defendant to concurrent terms of imprisonment, resentencing is not warranted.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Michael J. Riordan
/s/ Philip P. Mariani

-6-